UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC S. )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>        Defendant. ) | CAUSE NO.: 2:19-CV-495-JVB |

## OPINION AND ORDER

Plaintiff Eric S. seeks judicial review of the Social Security Commissioner's decision denying his claim for disability insurance benefits and supplemental security income and asks the Court to remand this case for further administrative proceedings. For the reasons given below, the Court reverses the decision of the Commissioner of Social Security and remands the matter.

### PROCEDURAL BACKGROUND

In his application for disability insurance benefits and supplemental security income, Plaintiff alleged that he became disabled on September 20, 2011, but later amended his onset date to April 20, 2013. After a hearing on September 14, 2018, an Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and thoracic spine with radiculopathy, failed back surgery syndrome with spinal cord stimulator, and migraine headaches. (AR 18). The ALJ found that Plaintiff is unable to perform any past relevant work, but that jobs exist in significant numbers in the national economy that Plaintiff can perform. (AR 23-24). Therefore, the ALJ found Plaintiff not disabled from April 20, 2013 through the date of the ALJ's decision. (AR 25). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ failed to support the residual functional capacity findings with substantial evidence, and failed to analyze his subjective allegations as required by SSR 16-3p.

### A. Residual Functional Capacity

The RFC is an assessment of what work-related activities the claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§

404.1545(a)(1); 416.945(a)(1). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)). In this case, the ALJ limited Plaintiff to sedentary work, with various other limitations relating to physical exertion, heights, and other physical hazards. (AR 19).

Plaintiff first argues that the RFC was flawed because the ALJ limited him to "sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)" without specifying the limitations for how long he could sit, stand, walk or lift. The Court finds no meaningful error here. The regulations explain the exertional limitations implied by sedentary work, including "lifting no more than 10 pounds at a time . . . Jobs are sedentary if walking and standing are required occasionally[1] and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). The SSA's policy rulings further explain the meaning of the term "sedentary work," including that "[s]itting would generally total about 6 hours of an 8-hour workday." *See* SSR 96-9p, 1996 WL 374185 (July 2, 1996) at *3. Although the ALJ could have cited to the applicable definitions more clearly, the limitation to "sedentary work" implies limitations for walking, sitting, standing, and lifting.

Plaintiff also objects to the exertional limitations themselves as unsupported by the record. The limitations were more restrictive than those suggested by the state agency consultants, but less restrictive than those alleged by Plaintiff. Although Plaintiff argues the ALJ did not provide an evidentiary basis for this "middle ground" RFC, the ALJ did so – giving the consultants' opinions "some weight" but citing to subsequent "hearing level evidence" that was more consistent with sedentary work. (AR 22 (citing medical notes AR 407-422)).

---

[1] For purposes of the regulations, "'[o]ccasionally' means . . . no more than about 2 hours of an 8-hour workday." SSR 96-9p, 1996 WL 374185 (July 2, 1996) at *3.

However, there were other flaws in the RFC and in the ALJ's analysis of the evidence. For one, Plaintiff notes that the RFC did not account for his alleged need to take breaks. Plaintiff alleged that he lied down for most of the day, and often took breaks to lie down when completing tasks. (AR 236, 241). The ALJ's decision acknowledged Plaintiff's testimony that he needed to "stretch his back and lie down in order to relieve his symptoms." (AR 20). However, there were no limitations in the RFC addressing a need to lie down. If the ALJ found that these allegations were not consistent with the record, she did not explain why that was so. *See* § B, *infra*; SSR 16-3p, 2017 WL 5180304 (October 25, 2017) at *9 ("The decision must contain specific reasons for the weight given to the individual's symptoms . . . and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.").

A similar issue arises in the ALJ's analysis of Plaintiff's migraines. Plaintiff alleged that he had severe headaches once or twice per week, lasting four to six hours, which he treated by lying down in a dark room. (AR 234). The ALJ recited Plaintiff's allegations and consultative examiner's M. Siddiqui's diagnosis of migraine headaches (AR 20, 22), and found that the migraine headaches were a severe impairment (AR 18). By definition, a severe impairment significantly limits a person's ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c). But none of the limitations in the RFC appear to relate to Plaintiff's migraines or a potential need to take breaks, nor did the ALJ explain why this severe impairment would not be accounted for in the RFC.

At the hearing, the vocational expert testified that frequent unscheduled breaks would disqualify Plaintiff from the jobs proposed. (AR 68); *see also Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013) ("No employer is likely to hire a person who must stop working and lie down two or three times a day for an hour at a time."). By failing to account for Plaintiff's alleged need to

take breaks, the ALJ ignored an "entire line[] of contrary evidence" calling into question Plaintiff's ability to do those jobs. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *see also Villano*, 556 F.3d at 563 (holding that an ALJ "must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling."). This error requires remand.

### B. Subjective Symptoms

Plaintiff next argues that the ALJ failed to properly analyze his subjective allegations. An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

> (1) The individual's daily activities;
> (2) Location, duration, frequency, and intensity of pain or other symptoms;
> (3) Precipitating and aggravating factors;
> (4) Type, dosage, effectiveness, and side effects of any medication;
> (5) Treatment, other than medication, for relief of pain or other symptoms;
> (6) Other measures taken to relieve pain or other symptoms;
> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

Plaintiff argues that the ALJ applied the wrong standard when she concluded that Plaintiff's alleged inability to work was "not entirely consistent" with the record evidence. (AR 20, 22). Generally, the ALJ must base her decision on a preponderance of the evidence standard, *see* 20 C.F.R. § 404.593(a), and must accept subjective allegations if they "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a). Remand is required if it is unclear whether the ALJ actually used the appropriate standard. *See,*

*e.g., Ralston v. Saul*, No. 3:18-CV-996-PPS, 2019 WL 5558798, at *4 (N.D. Ind. Oct. 29, 2019). However, the ALJ's use of the phrase "not entirely consistent" does not itself require remand if accompanied by an appropriate discussion of the evidence. *Hattie P. v. Saul*, No. 2:19-CV-39, 2019 WL 6888451, at *8 (N.D. Ind. Dec. 18, 2019) (citations omitted). Here, it does not appear that the ALJ actually applied the "not entirely consistent" standard, since she incorporated some of the allegations as supporting the conclusions in the RFC. (AR 23). She also included a discussion of the record evidence that she found inconsistent with the allegations, including physical examinations, imaging, and other medical records, which indicates that she did not dismiss the allegations based on a single inconsistency. (AR 22).

However, the ALJ's analysis of the allegations themselves, particularly about Plaintiff's daily activities, was incomplete. The ALJ noted that Plaintiff could "care for his children" and make simple meals, mow the lawn, shop, use a computer, and watch TV, and found that this was inconsistent with his alleged inability to work. Certainly, Plaintiff has fewer functional limitations than someone who could not do these tasks. However, the Seventh Circuit has warned that daily activities themselves do not demonstrate an ability to perform consistently for an eight-hour workday. *See Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) ("We have cautioned the Social Security Administration against placing undue weight on a claimant's household activities in assessing the claimant's ability to hold a job outside the home . . . The pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment . . . often differ dramatically between home and office or factory or other place of paid work.").

The distinction is particularly relevant here, because Plaintiff specifically alleged that he needed to lie down and take breaks because of his back pain and migraines. The ALJ never directly addressed these allegations or cited any evidence demonstrating that Plaintiff did not need to take

breaks.[2] *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (an ALJ needs to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence). The ALJ seemed to conclude that, contrary to Plaintiff's allegations, the *ad hoc* activities described in the record could be sustained consistently over the course of a workday. While this may have been true, the ALJ did not cite to evidence supporting that conclusion. *See Smith v. Astrue*, 467 F. App'x 507, 511 (7th Cir. 2012) (remanding where the ALJ's opinion "tick[ed] off certain medical evidence, but did not "specify how the evidence undermines [the plaintiff's] credibility"); *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (an ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review") (quoting *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)). This failure to properly analyze Plaintiff's alleged need to take breaks requires remand.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of his Motion to Reverse the Decision of the Commissioner of Social Security [DE 10], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on January 20, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The ALJ did address Plaintiff's complaints of pain generally, pointing to medical notes in which Plaintiff reported pain varying between 3 and 9 out of 10, depending on the activity. (AR 22, 432).